USCA1 Opinion

 

 June 17, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1943 HECTOR FIGUEROA-ORTEGA, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez, _____________ ________________________ Acting Chief, Civil Division, and Donna C. McCarthy, Assistant ___________________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Hector Figueroa appeals from __________ the judgment of the district court upholding the decision of the Secretary of Health and Human Services that he is not entitled to Social Security disability benefits. Claimant raises two issues on appeal. In regard to his alleged mental impairment, we essentially agree with the district court's reasoning, so will not repeat it here. However, we decide the question regarding claimant's asthma on a slightly different ground. The record does not support claimant's contention that he met the listing for asthma, section 3.03B of Appendix 1. Specifically, claimant has not shown that he experienced an average of six "severe attacks" of asthma per year as required by Section 3.03C. In 1990, the evidence shows only that claimant was seen for "emergency" treatment on four occasions. Even if the number could be overlooked, none of ____ the asthma attacks for which claimant sought this treatment was shown to have lasted over one hour. As for 1991, claimant arguably suffered more than six "severe attacks" of asthma (the five visits to Dr. Campos and the three-day hospitalization). However, as in 1990, there is no evidence __ in the record that these attacks, aside from the attack for which claimant was hospitalized, lasted even an hour. The only asthma attack for which a time was reported is the February 25 visit to Dr. Campos and this attack lasted only -3- 45 minutes. Finally, in 1992, the record documents only one emergency treatment for an asthma attack. Further, there is evidence in the record which rebuts the existence of an impairment of listed severity.  First, both Drs. Rivera and Campos -- claimant's treating physicians -- stated that claimant's asthma responded to treatment. See Transcript, at 202 (asthma "moderately ___ controlled" with medicine); 349 (asthma "reversible" with a bronchodilator). Another treating physician, Dr. Marcantoni, opined only that claimant could not do his prior heavy work. _____ Finally, the RFC assessments from 1990, 1991 and 1992 indicate that claimant can work in areas which have good ventilation and which are free from odors, dusts, fumes, gases, wetness, humidity, and extremes of temperature. This evidence plainly contradicts the opinions of other physicians that claimant's asthma rendered him totally disabled. Conflicts in the evidence are for the Secretary, not the courts. Irlanda Ortiz v. Secretary of Health and Human ______________ ________________________________ Services, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam). ________ Given that the ALJ's hypothetical to the VE included the limitations outlined in the RFC assessments, his decision that claimant's asthma does not preclude him from working is supported by substantial evidence. See id. ___ ___ The judgment of the district court is affirmed. ________ -4-